1   CARL M. HEBERT, ESQ.
    Nevada Bar #250
2   2215 Stone View Drive
    Sparks, NV 89436
3   (775) 323-5556
    carl@cmhebertlaw.com
4
    DANIEL S. BRETZIUS, ESQ. – PRO HAC VICE
5   Dan B Law PLLC
    75 South Main Street, #272
6   Concord, NH 03301
    (603) 731-2507
7   dan@danblaw.com

8   Attorneys for Defendant Patrick Grimes

9                 **UNITED STATES DISTRICT COURT**
                        **DISTRICT OF NEVADA**
10

11  ALTERNATIVE PETROLEUM
    TECHNOLOGIES HOLDINGS,
12  CORP. and ALTERNATIVE
    PETROLEUM TECHNOLOGIES,
13  INC.,
                                        Case Number
14          Plaintiffs,                        3:20-cv-00040-MMD-CLB

15      vs.                             Defendant's Emergency Motion for
                                        Authorization to Issue Evidence Preservation
16  PATRICK GRIMES,                     Subpoena

17          Defendant.

18

19

20              **DEFENDANT'S EMERGENCY MOTION**
                     **FOR AUTHORIZATION**
                **TO ISSUE EVIDENCE PRESERVATION SUBPOENA**
21

22          Pursuant to LR 7-4, Defendant Patrick Grimes hereby moves for authorization to

    issue an evidence preservation subpoena on PS Orange Co. Inc. d/b/a Public Storage
23

    ("Public Storage") and states as follows:

                                        1

## INTRODUCTION

Jack Waldron and Defendant Patrick Grimes are listed as co-inventors on five United States patents. In 2019, Jack Waldron alleged to Plaintiffs that Defendant Grimes was improperly listed on the five patents. In turn, Plaintiffs allege that they own the patents-in-suit and commenced this action to attempt to remove Defendant Grimes from the listed inventors on the five patents-in-suit.

## BACKGROUND

Defendant has conducted depositions of Plaintiffs' Fed. R. Civ. P. 30(b)(6) witness and Jack Waldron. Plaintiffs have indicated that they have done nothing to investigate the allegations made by Mr. Waldron. (ECF No. 36-8, 30(b)(6) Dep., 42:25-43:4):

> "Q.     Did plaintiffs do anything to investigate the claims made by Mr. Waldron that there was improper inventorship?
> A.     Not that I'm aware of. **We believe what Jack said**."

During Mr. Grimes' employment, he maintained files in his office that are relevant to this action, including three-ring binders that had relevant patent and research documents in them. (ECF No. 36-16, Waldron Dep., 71:23) ("There were three-ring binders in his office."). Plaintiffs have neither attempted to locate nor produced any of Mr. Grimes' three-ring binders or office files. (ECF No. 36-8, 30(b)(6) Dep., 50:13-19):

> "Q. Did plaintiffs make any efforts to locate the three-ring binders that Mr. Grimes is alleging to have maintained?
> A. Jack Waldron wound up taking the office that Patrick once had. And he's been running the company since Patrick left. And I don't know whether he found any or not."

On February 23, 2021, Jack Waldron indicated that items previously located in Mr. Grimes' office, which included the three ring binders and other documentation related to the five patents-in-suit, were moved to a storage unit, with their final disposition was

unknown. (ECF No. 36-16, Waldron Dep., 64:12-18):

> "Q. And where were the items moved to?
> A. They were moved to a storage facility on Valley Road.
> Q. Are they still there?
> A. No. Valley Road facility has been closed. They probably ended up being disposed of somewhere around two years after [Mr. Grimes] left."

On February 23, 2021, Jack Waldron additionally indicated that his personal lab notebooks were "stashed in my storage in a fire-proof lockup". (Id., 70:4-5).

The Storage Unit

Defendant has become aware that Jack Waldron rented a Storage Unit on behalf of Plaintiff Alternative Petroleum Technologies Inc. until late 2020, when the rent due became in arrears. (Exhibit 2, Declaration of Carl Hebert ("Hebert Dec.") at ¶¶ 3-5). The Storage Unit is owned by Public Storage and is identified as Unit #A161, located at Public Storage #24535, 200 Telegraph Street, Reno, NV 89502. (Id. at ¶ 3). The Storage Unit measures approximately 12 feet by 20 feet. (Id. at ¶ 4). The Storage Unit is believed to contain the remainder of Plaintiffs' three-ring binders and office files, Jack Waldron's notebooks, missing invention disclosure forms, a computer server with back-up e-mail correspondence, and other evidence and documentation relevant to this action.

On May 4, 2021, Defendant learned that the contents of the Storage Unit have been marked for destruction at any moment. (Id. at ¶ 7). Defendant also learned that: [i] the rent has been in arrears since at least as early as late 2020) (Id.); [ii] the contents were advertised for sale on February 25, 2021 and March 25, 2021, but luckily were not sold (Id.) & (Exhibit 3, Notices of Public Sale); [iii] the account related to the Storage Unit has been terminated and closed (Exhibit 2, Hebert Dec. at ¶ 5); and [iv] the contents of the Storage

1    Unit have not been destroyed since April 5, 2021 solely due to luck that the destruction

2    company has not yet arrived to the Storage Unit. (Exhibit 2, Hebert Dec. at ¶ 7).

3         Defendant promptly sent a written preservation request to Public Storage, asking

4    Public Storage to preserve the contents of the Storage Unit. (Id. at ¶ 8) & (Exhibit 4, Written

5    Request to Public Storage). Public Storage is not a party to this litigation and does not have

6    an obligation to comply with LR 7-4(a)(3)'s meet and confer requirements. Additionally,

7    as a non-party, Public Storage is under no obligation to preserve the contents of the Storage

8    Unit without a court order.

9         Accordingly, with the understanding that emergency motions should be rare,

10   Defendant seeks an order from this Court permitting Defendant to serve a document

11   preservation subpoena (proposed as Exhibit 5) on non-party PS Orange Co. Inc. ("Public

12   Storage"), to protect critical evidence that was hidden by Plaintiffs, transferred to Public

13   Storage, and is currently marked for destruction at any moment. This subpoena, which

14   requires only the preservation of evidence and not actual production at this time, will place

15   little to no burden on Public Storage, and may even save Public Storage the cost of

16   destruction services. Without leave to serve this subpoena, critical evidence will be forever

17   lost, causing obvious and severe prejudice to Defendant and preventing justice from being

18   served.

19                                    **ARGUMENT**

20        A party must preserve evidence it knows or should know is relevant to a claim or

21   defense of any party, or that may lead to the discovery of relevant evidence. United States

22   v. Kitsap Physicians Serv., 314 F.3d 995, 1001 (9th Cir. 2002). However, the same

23   obligation to preserve does not apply to non-parties. Plaintiffs violated their obligation to

                                           4

1  preserve and produce the contents of the Storage Unit and are no longer permitted to access

2  the Storage Unit. The new custodian of the contents, Public Storage, is a non-party to this

3  litigation and therefore under no obligation to preserve the contents of the Storage Unit.

4  Public Storage is currently intending to destroy the contents of the Storage Unit. Without

5  a court order, Public Storage will destroy information relevant to this action.

6  　　　　Before a preservation order is issued, the movant must show that there is a

7  significant concern that potentially relevant evidence will be destroyed, thereby causing

8  harm to the movant. CenturyLink, Inc. v. Alpine Audio Now, LLC, 2016 WL 192291 at

9  *1 (D. Colo. Jan. 15, 2016). In this case, Public Storage has taken custody of the contents

10  of the Storage Unit since late 2020, has advertised them for sale in February and March

11  2021, and has marked the contents for destruction since April 5, 2021. Destruction of the

12  contents of the Storage Unit would cause prejudice to Defendant, who has already been

13  prejudiced by Plaintiffs' non-preservation and non-production. Saving the contents of the

14  Storage Unit from destruction is the only way that the prejudice can possibly be mitigated.

15  　　　　"A party alleging that discovery is 'necessary to preserve evidence' must ... make

16  a specific showing that the 'loss of evidence is imminent as opposed to merely

17  speculative.'" In re Vivendi Universal, S.A., Securities Litigation, 381 F.Supp.2d 129, 130

18  (S.D. N.Y. 2003). Here, co-counsel for Defendant visited Public Storage #24535, located

19  at 200 Telegraph Street, Reno, NV 89502, and learned that Unit A161 has been marked for

20  destruction and will be destroyed at any moment. Thus, loss of evidence is imminent.

21  Compare to M.S. v. Hyundai Motor America, No. 2:20-cv-01861-GMN-BNW (D. Nev.

22  Feb. 16, 2021) ("the court finds that, absent a preservation order, there is a significant

23  possibility that Fast Towing may not "maintain the integrity of the evidence in question,"

1     since it is not a party to the underlying action, has no duty to do so, and has already

2     communicated an intent to 'crush' it.") Therefore, good cause exists for issuance of the

3     document preservation subpoena to non-party Public Storage. Compare to Prescott v. Slide

4     Fire Solutions, LP, No. 2:18-cv-00296-GMN-CWH, Doc. 39 (D. Nev. Jan. 31, 2019)

5     (granting authority to issue preservation subpoena regarding firearm attachments in

6     custody of non-party); Tesla, Inc. v. Tripp, No. 3:18-cv-00296-MMD-CLB, Doc. No. 12

7     (D Nev. June 27, 2018) (granting authority to issue preservation subpoenas regarding non-

8     party cloud storage and e-mail).

9           The court has the inherent authority to order a non-party to preserve evidence,

10    provided it does so with restraint and discretion. Bright Solutions for Dyslexia, Inc. v. Doe,

11    2015 WL 5159125, at *2 (N.D. Cal. Sept. 2, 2015); accord, Arkin v. Gracey-Danna, Inc.,

12    2016 WL 3959611, at *1 (M.D. Fla. July 22, 2016); Deggs v. Fives Bronx, Inc., 2020 WL

13    3100023, at *2 (M.D. La. June 11, 2020). There will be no undue burden to Public Storage

14    from compliance with the document preservation subpoena. The proposed subpoena

15    (Exhibit 5) is narrowly tailored to require only preservation of the contents of the Storage

16    Unit. Non-party Public Storage will not be required at this time to produce anything,

17    although, if it ultimately is required to provide access or convey custody of the Contents to

18    Defendant, Public Storage will save on destruction fees that would otherwise be required.

19    Thus, the subpoena ensures the critical evidence, documents, and other contents are

20    preserved, with minimal inconvenience to Public Storage (and possibly even some future

21    benefit).

22

23

1

**<u>CONCLUSION</u>**

2        For the foregoing reasons, good cause exists for the Court to authorize Defendant

3   to issue a document preservation subpoena to Public Storage, requiring Public Storage to

4   preserve the contents of Unit #A161, located at Public Storage #24535, 200 Telegraph

5   Street, Reno, NV 89502.

6

7   Dated this 6th day of May, 2021.

8                                                    /s/ Carl M. Hebert
                                                     CARL M. HEBERT, ESQ.
9                                                    Nevada Bar #250
                                                     2215 Stone View Drive
10                                                   Sparks, NV 89436
                                                     (775) 323-5556
11                                                   carl@cmhebertlaw.com

12                                                   /s/ Daniel S. Bretzius
                                                     Daniel S. Bretzius, *pro hac vice*
13                                                   Dan B Law PLLC
                                                     75 South Main Street, #272
14                                                   Concord, NH 03301
                                                     (603) 731-2507
15                                                   dan@danblaw.com

16                                                   Attorneys for Defendant
                                                     Patrick Grimes
17

18
     IT IS SO ORDERED:
19

20   Dated this ___6th___ day of May 2021.
                                                     _____
21                                                   United States Magistrate Judge

22

23

7

1

**CERTIFICATE OF SERVICE**

2         Pursuant to LR 5-1, the undersigned certifies that, on May 6, 2021, I served the

3 attached Emergency Motion for Authorization to Issue Evidence Preservation Subpoena

4 via ECF to counsel of record for Plaintiffs:

5                 Jason M. Wiley, Esq. & Ryan S. Petersen, Esq.
                Wiley Petersen
6                 1050 Indigo Drive, Suite 130
                Las Vegas, Nevada 89145
7                 jwiley@wileypetersenlaw.com
                rpetersen@wileypetersenlaw.com
8

                Jovan N. Jovanovic, Esq.
9                 The Watson IP Group, PLC
                3133 Highland Drive, Suite 200
10                 Hudsonville, MI 49426
                jjovanovic@watson-ip.com
11

12 Dated this 6th day of May, 2021

                                  /s/ Daniel S. Bretzius
13                                   Daniel S. Bretzius
                                  Dan B Law PLLC
14                                   75 South Main Street, #272
                                  Concord, NH 03301
15                                   (603) 731-2507
                                  dan@danblaw.com
16

                                  Attorney for Defendant
17                                   Patrick Grimes

18

19

20

21

22

23

1   CARL M. HEBERT, ESQ.
    Nevada Bar #250
2   2215 Stone View Drive
    Sparks, NV 89436
3   (775) 323-5556
    carl@cmhebertlaw.com
4
    DANIEL S. BRETZIUS, ESQ. – PRO HAC VICE
5   Dan B Law PLLC
    75 South Main Street, #272
6   Concord, NH 03301
    (603) 731-2507
7   dan@danblaw.com

8   Attorneys for Defendant Patrick Grimes

9                   **UNITED STATES DISTRICT COURT**
                       **DISTRICT OF NEVADA**
10

11  ALTERNATIVE PETROLEUM
    TECHNOLOGIES HOLDINGS,
12  CORP. and ALTERNATIVE
    PETROLEUM TECHNOLOGIES,
13  INC.,
                                          Case Number
14          Plaintiffs,                         3:20-cv-00040-MMD-CLB

15      vs.                               Exhibits to Defendant's Emergency
                                          Motion for Authorization to Issue Evidence
16                                        Preservation Subpoena
    PATRICK GRIMES,
17
            Defendant.
18

19  _____

                            **EXHIBIT 1**
20                               -
                        **INDEX OF EXHIBITS**
21  _____

22

23

                                 1

1          <u>Exhibit 1</u> – Index of Exhibits

2          <u>Exhibit 2</u> – Declaration of Carl M. Hebert

3          <u>Exhibit 3</u> – Notices of Public Sale, February and March 2021

4          <u>Exhibit 4</u> – Preservation Letter to Public Storage

5          <u>Exhibit 5</u> – Proposed Subpoena to Public Storage

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

CARL M. HEBERT, ESQ.
Nevada Bar #250
2215 Stone View Drive
Sparks, NV 89436
(775) 323-5556
carl@cmhebertlaw.com

DANIEL S. BRETZIUS, ESQ. – PRO HAC VICE
Dan B Law PLLC
75 South Main Street, #272
Concord, NH 03301
(603) 731-2507
dan@danblaw.com

Attorneys for Defendant Patrick Grimes

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ALTERNATIVE PETROLEUM TECHNOLOGIES HOLDINGS, CORP. and ALTERNATIVE PETROLEUM TECHNOLOGIES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> PATRICK GRIMES, <br><br> Defendant. | Case Number <br><br> 3:20-cv-00040-MMD-CLB <br><br> Exhibits to Defendant's Emergency Motion for Authorization to Issue Evidence Preservation Subpoena |

---

## EXHIBIT 2
-
## DECLARATION OF CARL M. HEBERT

---

1

1    **DECLARATION OF CARL M. HEBERT**

2    I, Carl Hebert of Sparks, Nevada, declare the following of my own personal

3    knowledge:

4    1.   I am co-counsel for defendant Patrick Grimes in <u>Alternative Petroleum</u>

5    <u>Products v. Grimes</u>, case no. 3:20-cv-00040, filed in this court.

6    2.   This declaration is given in support of Defendant's Emergency Motion

7    for Authorization to Issue Evidence Preservation Subpoena.

8    3.   On May 4, 2021, I visited Public Storage #24535, located at 200

9    Telegraph Street, Reno Nevada 89502 to inquire into the contents of storage unit

10   #A161 (the "Storage Unit").

11   4.   I spoke with a representative of Public Storage, Kelly, who informed me

12   that the Storage Unit was 12 feet by 20 feet and is completely full with materials.

13   5.   Kelly informed me that the Storage Unit was rented by Jack Waldron

14   and, when active, could only be accessed by Jack Waldron.

15   6.   Kelly told me that it is standard operating procedure for units in arrears

16   for more than two months to be advertised and offered for sale at auction.

17   7.   Kelly informed me that, given the long duration of arrearages, the

18   account related to the Storage Unit had been closed and terminated. Kelly said

19   that the contents of the Storage Unit have been marked for destruction since April

20   5, 2021 and will be destroyed at any moment, as soon as the company tasked with

21   destruction (shredding) arrives at the Storage Unit.

22   8.   I sent a written preservation request to Public Storage, asking Public

23   Storage to preserve the contents of the Storage Unit.

1

1        9.   The movant can be reached through the undersigned at 2215 Stone

2    View Drive, Sparks, NV 89436, at (775) 323-5556 or carl@cmhebertlaw.com.

3        10.   The Storage Unit and its contents currently belong to and are in the

4    possession of Public Storage. Public Storage can be reached through the Northern

5    Nevada Manager, Ashley Henke, at ahenke@publicstorage.com (no phone

6    number yet available), or through the Regional Manager, Devin Dance, at 206-

7    772-1190, ext. 3565, or ddance@publicstorage.com.

8        11.   The nature of this emergency precludes a meet and confer, namely the

9    fact that Public Storage is not a party to this litigation and does not have an

10   obligation to comply with LR 7-4(a)(3)'s meet and confer requirements.

11       Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

12   foregoing is true and correct.

13

Executed on May 6, 2021

14

15   _Carl M. Hebert_

16   CARL M. HEBERT

17

18

19

20

21

22

23

2

1   CARL M. HEBERT, ESQ.
    Nevada Bar #250
2   2215 Stone View Drive
    Sparks, NV 89436
3   (775) 323-5556
    carl@cmhebertlaw.com
4
    DANIEL S. BRETZIUS, ESQ. – PRO HAC VICE
5   Dan B Law PLLC
    75 South Main Street, #272
6   Concord, NH 03301
    (603) 731-2507
7   dan@danblaw.com

8   Attorneys for Defendant Patrick Grimes

9                **UNITED STATES DISTRICT COURT**
                    **DISTRICT OF NEVADA**
10

11  ALTERNATIVE PETROLEUM
    TECHNOLOGIES HOLDINGS,
12  CORP. and ALTERNATIVE
    PETROLEUM TECHNOLOGIES,
13  INC.,
                                     Case Number
14          Plaintiffs,                    3:20-cv-00040-MMD-CLB

15          vs.                      Exhibits to Defendant's Emergency
                                     Motion for Authorization to Issue Evidence
16  PATRICK GRIMES,                  Preservation Subpoena

17
            Defendant.
18

19  _____

20                        **EXHIBIT 3**
                              **-**
21       **NOTICES OF PUBLIC SALE – FEBRUARY AND MARCH 2021**
    _____

22

23

                            1

**8C** | WEDNESDAY, FEBRUARY 10, 2021 | **RENO GAZETTE JOURNAL**

# Public Notices

### NOTICE OF PUBLIC SALE

To satisfy the owner's storage lien, PS Orange Co. Inc. will sell at public lien sale on February 25, 2021, the personal property in the below-listed units, which may include but are not limited to: household and personal items, office and other equipment. The public sale of these items will begin at 10:00 AM and continue until all units are sold. The lien sale is to be held at the online auction website, www.storagetreasures.com, where indicated. For online lien sales, bids will be accepted until 2 hours after the time of the sale specified.

**PUBLIC STORAGE # 23073, 9450 S Virginia St, Reno, NV 89511, (775) 440-6468**
**Sale to be held at www.storagetreasures.com.**
A21 - Harlow, Douglas; B07 - Christensen, Michael; C34 - Nichols, Autumn; D53 - Becoat, Charles
**PUBLIC STORAGE # 20282, 4875 S McCarran Blvd, Reno, NV 89502, (775) 376-9153**
**Sale to be held at www.storagetreasures.com.**
1016 - Ruiz, Bryan; 1086 - Harris, Terri; 2009 - Sanchez, Daniel; 2052 - Goodwin, Alana; 3008 - Hatfield, Garrett; 4412 - Dickey, Dakota; 4608 - Squartsoff, Ayla; 7137 - Maxley, William
**PUBLIC STORAGE # 24535, 200 Telegraph Street, Reno, NV 89502, (775) 376-9081**
**Sale to be held at www.storagetreasures.com.**
A140-H - Hanelt, Jessica; A161 - Alternative Petroleum Technologies Inc. Waldron, Jack; B030-G - Ross, Ricky; B034-D - flores, lesther; B060 - Kirbis, Josh; C252 - Waugh, Kaillee; D301 - Morales, Reyola

**6B** | WEDNESDAY, FEBRUARY 17, 2021 | **RENO GAZETTE JOURNAL**

# Public Notices

### NOTICE OF PUBLIC SALE

To satisfy the owner's storage lien, PS Orange Co. Inc. will sell at public lien sale on February 25, 2021, the personal property in the below-listed units, which may include but are not limited to: household and personal items, office and other equipment. The public sale of these items will begin at 10:00 AM and continue until all units are sold. The lien sale is to be held at the online auction website, www.storagetreasures.com, where indicated. For online lien sales, bids will be accepted until 2 hours after the time of the sale specified.

**PUBLIC STORAGE # 23073, 9450 S Virginia St, Reno, NV 89511, (775) 440-6468**
**Sale to be held at www.storagetreasures.com.**
A21 - Harlow, Douglas; B07 - Christensen, Michael; C34 - Nichols, Autumn; D53 - Becoat, Charles
**PUBLIC STORAGE # 20282, 4875 S McCarran Blvd, Reno, NV 89502, (775) 376-9153**
**Sale to be held at www.storagetreasures.com.**
1016 - Ruiz, Bryan; 1086 - Harris, Terri; 2009 - Sanchez, Daniel; 2052 - Goodwin, Alana; 3008 - Hatfield, Garrett; 4412 - Dickey, Dakota; 4608 - Squartsoff, Ayla; 7137 - Maxley, William
**PUBLIC STORAGE # 24535, 200 Telegraph Street, Reno, NV 89502, (775) 376-9081**
**Sale to be held at www.storagetreasures.com.**
A140-H - Hanelt, Jessica; A161 - Alternative Petroleum Technologies Inc. Waldron, Jack; B030-G - Ross, Ricky; B034-D - flores, lesther; B060 - Kirbis, Josh; C252 - Waugh, Kaillee; D301 - Morales, Reyola

### NOTICE OF PUBLIC SALE

To satisfy the owner's storage lien, PS Orange Co. Inc. will sell at public lien sale on March 25, 2021, the personal property in the below-listed units, which may include but are not limited to: household and personal items, office and other equipment. The public sale of these items will begin at 10:00 AM and continue until all units are sold. The lien sale is to be held at the online auction website, www.storagetreasures.com, where indicated. For online lien sales, bids will be accepted until 2 hours after the time of the sale specified.
**PUBLIC STORAGE # 23073, 9450 S Virginia St, Reno, NV 89511, (775) 440-6468**
**Sale to be held at www.storagetreasures.com.**
103 - Tolliver, Tasia; A34 - Delanoza, Rodney; B74 - Delanoza, Rodney; C35 - Saldana-Marquez, Aldo
**PUBLIC STORAGE # 20282, 4875 S McCarran Blvd, Reno, NV 89502, (775) 376-9153**
**Sale to be held at www.storagetreasures.com.**
1026 - Dzygryvniuk, Sarah; 2009 - Sanchez, Daniel; 3019 - Renfrow, Shannon; 3020 - Dickey, Dakota; 6015 - Snipe, Airon; 6078 - Gil, Nicholas; 7064 - Galindo , Mario
**PUBLIC STORAGE # 24535, 200 Telegraph Street, Reno, NV 89502, (775) 376-9081**
**Sale to be held at www.storagetreasures.com.**
A104 - Askin, Andrew; A136-A - thurman, keara; A141-A - Bennett, Isreal; A143-F - Orta, Mark; A161 - Alternative Petroleum Technologies Inc. Waldron, Jock; B032-J - Pohe, Brenton Mathew; B037-F - Green, Jacob; C222 - Myers, Melissa; C229 - Coldwell, Thomas; C239 - Huckobee, Dillon; D346 - Aguirre-Marquez, Adriana; E420 - Velasco, Angel; F505 - lobste, Jeremy

**8A | TUESDAY, MARCH 16, 2021 | RENO GAZETTE JOURNAL**

# Public Notices

### NOTICE OF PUBLIC SALE

To satisfy the owner's storage lien, PS Orange Co. Inc. will sell at public lien sale on March 25, 2021, the personal property in the below-listed units, which may include but are not limited to: household and personal items, office and other equipment. The public sale of these items will begin at 10:00 AM and continue until all units are sold. The lien sale is to be held at the online auction website, www.storagetreasures.com, where indicated. For online lien sales, bids will be accepted until 2 hours after the time of the sale specified.
**PUBLIC STORAGE # 23073, 9450 S Virginia St, Reno, NV 89511, (775) 440-6468**
**Sale to be held at www.storagetreasures.com.**
103 - Tolliver, Tasia; A34 - Delanoza, Rodney; B74 - Delanoza, Rodney; C35 - Saldana-Marquez, Aldo
**PUBLIC STORAGE # 20282, 4875 S McCarran Blvd, Reno, NV 89502, (775) 376-9153**
**Sale to be held at www.storagetreasures.com.**
1026 - Dzygryvniuk, Sarah; 2009 - Sanchez, Daniel; 3019 - Renfrow, Shannon; 3020 - Dickey, Dakota; 6015 - Snipe, Airon; 6078 - Gil, Nicholas; 7064 - Galindo , Mario
**PUBLIC STORAGE # 24535, 200 Telegraph Street, Reno, NV 89502, (775) 376-9081**
**Sale to be held at www.storagetreasures.com.**
A104 - Askin, Andrew; A136-A - thurman, keara; A141-A - Bennett, Isreal; A143-F - Orta, Mark; A161 - Alternative Petroleum Technologies Inc. Waldron, Jock; B032-J - Pohe, Brenton Mathew; B037-F - Green, Jacob; C222 - Myers, Melissa; C229 - Coldwell, Thomas; C239 - Huckobee, Dillon; D346 - Aguirre-Marquez, Adriana; E420 - Velasco, Angel; F505 - lobste, Jeremy

1   CARL M. HEBERT, ESQ.
    Nevada Bar #250
2   2215 Stone View Drive
    Sparks, NV 89436
3   (775) 323-5556
    carl@cmhebertlaw.com
4
    DANIEL S. BRETZIUS, ESQ. – PRO HAC VICE
5   Dan B Law PLLC
    75 South Main Street, #272
6   Concord, NH 03301
    (603) 731-2507
7   dan@danblaw.com

8   Attorneys for Defendant Patrick Grimes

9              **UNITED STATES DISTRICT COURT**
                  **DISTRICT OF NEVADA**
10

11  ALTERNATIVE PETROLEUM
    TECHNOLOGIES HOLDINGS,
12  CORP. and ALTERNATIVE
    PETROLEUM TECHNOLOGIES,
13  INC.,
                                   Case Number
14         Plaintiffs,                   3:20-cv-00040-MMD-CLB

15     vs.                         Exhibits to Defendant's Emergency
                                   Motion for Authorization to Issue Evidence
16  PATRICK GRIMES,                Preservation Subpoena

17
           Defendant.
18

19  _____

                     **EXHIBIT 4**
20                        -
            **PRESERVATION LETTER TO PUBLIC STORAGE**
21  _____

22

23

                            1

# CARL M. HÉBERT, ESQUIRE

2215 Stone View Drive, Sparks, Nevada 89436

May 6, 2021

Public Storage #24535
200 Telegraph Street
Reno, NV 89502
Ashley Henke, Northern Nevada Manager (ahenke@publicstorage.com)
Devin Dance, Regional Manager (ddance@publicstorage.com)

**RE: Unit #A161—Preservation of evidence**

Dear Ms. Henke and Mr. Dance:

I represent Patrick Grimes, who is a party in litigation involving Jack Waldron and Alternative Petroleum Technologies, Inc. ("APT, Inc."). A copy of the complaint in <u>Alternative Petroleum Products v. Grimes</u>, case no. 3:20-cv-00040 in the United States District Court for the District of Nevada is attached for your use. We have recently learned that Jack Waldron previously rented Unit #A161 at Public Storage #24535, 200 Telegraph Street, Reno, NV 89502 (the "Storage Unit") on behalf of APT, Inc. We have also learned that the rent for the Storage Unit has been in arrears, that the contents of the Storage Unit have been unsuccessfully advertised for sale, and that the contents of the Storage Unit are currently marked for destruction at any moment.

It is our understanding that Public Storage has appropriate safeguards and processes to prevent destruction of the contents of the Storage Unit, which may contain valuable evidence in the referenced litigation. Because the contents of the Storage Unit are relevant to pending litigation involving Jack Waldron and APT, Inc., it is imperative that Public Storage take all efforts to cancel and prevent destruction of the contents of the Storage Unit.

I greatly appreciate your assistance and cooperation with this matter. Should you have

any questions, please do not hesitate to contact me.

Sincerely,

Carl Hebert, Esq.

Enclosure as stated

1   CARL M. HEBERT, ESQ.
    Nevada Bar #250
2   2215 Stone View Drive
    Sparks, NV 89436
3   (775) 323-5556
    carl@cmhebertlaw.com
4
    DANIEL S. BRETZIUS, ESQ. – PRO HAC VICE
5   Dan B Law PLLC
    75 South Main Street, #272
6   Concord, NH 03301
    (603) 731-2507
7   dan@danblaw.com

8   Attorneys for Defendant Patrick Grimes

9                    **UNITED STATES DISTRICT COURT**
                        **DISTRICT OF NEVADA**
10

11  ALTERNATIVE PETROLEUM
    TECHNOLOGIES HOLDINGS,
12  CORP. and ALTERNATIVE
    PETROLEUM TECHNOLOGIES,
13  INC.,
                                        Case Number
14          Plaintiffs,                     3:20-cv-00040-MMD-CLB

15      vs.                             Exhibits to Defendant's Emergency
                                        Motion for Authorization to Issue Evidence
16  PATRICK GRIMES,                     Preservation Subpoena

17
            Defendant.
18  _____

19  _____

20                           **EXHIBIT 5**
                                -
21          **PROPOSED SUBPOENA TO PUBLIC STORAGE**
    _____

22

23

                                  1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Nevada

| | |
|---|---|
| Alternative Petroleum Technologies Holdings Corp. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| Patrick Grimes | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                              PS Orange Co. Inc. d/b/a Public Storage

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

☒ *Preservation:* **YOU ARE COMMANDED** to preserve all documents, evidence, and/or contents located at:

Unit #A161, located at Public Storage #24535, 200 Telegraph Street, Reno, NV 89502

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

|             *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Defendant Patrick Grimes                                  , who issues or requests this subpoena, are:

Carl Hebert, 2215 Stone View Drive, Sparks, NV 89436; carl@cmhebertlaw.com; (775) 323-5556

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:20-cv-00040-MMD-CLB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).