UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALTERNATIVE PETROLEUM TECHNOLOGIES HOLDINGS CORP, *et al.*, | Case No. 3:20-cv-00040-MMD-CLB |
| Plaintiffs, | ORDER |
| v. | |
| PATRICK GRIMES, | |
| Defendant. | |

## I.   SUMMARY

Plaintiffs Alternative Petroleum Technologies Holdings Corp. and Alternative Petroleum Technologies, Inc. sued their corporate predecessor's former employee Defendant Patrick Grimes under 35 U.S.C. § 256, seeking to remove his name from patents of which they claim to now be the assignee and exclusive licensee, respectively, arguing Defendant did not actually contribute to the inventions claimed by those patents. (ECF No. 1.) Before the Court are four motions: (1) Defendant's (second) motion for summary judgment (ECF No. 36 ("Motion"));[1] (2) Plaintiffs' motion for partial summary judgment as to ownership (ECF No. 37);[2] (3) Plaintiffs' motion for summary judgment as

---

[1] Plaintiffs filed a response (ECF No. 42), and Defendant filed a reply (ECF No. 44).

[2] Defendant filed a response (ECF No. 40), and Plaintiffs filed a reply (ECF No. 45). As Defendant points out in response (ECF No. 40 at 2), LR 7-3(a) provides:

> Motions for summary judgment and responses to motions for summary judgment are limited to 30 pages, excluding exhibits. Replies in support of a motion for summary judgment are limited to 20 pages. Parties must not circumvent this rule by filing multiple motions.

*Id.* Plaintiffs violated this rule by filing two motions for summary judgment that exceeded the page limit when combined. However, the Court will not sanction Plaintiffs for violating this rule at this time because it will deny Plaintiffs' pending motions as moot.

1
2
3
4
5
6
7
8

to inventorship (ECF No. 38);[3] and (4) Plaintiffs' motion to strike some of the evidence Defendant filed with his responses to Plaintiffs' motions for summary judgment (ECF No. 43).[4] Because Plaintiffs effectively conceded that they lacked statutory standing at the time they filed this lawsuit in response to one of Defendant's arguments in his Motion, and as further explained below, the Court will grant Defendant's Motion in pertinent part, deny the other pending motions as moot, and dismiss this case without prejudice to refiling if Plaintiffs can first establish statutorily-sufficient interests in the patents-in-suit under applicable law.

9

## II.    BACKGROUND

10
11
12
13
14
15
16
17
18
19

The Court incorporates by reference the background regarding Plaintiffs' allegations it provided in its prior order denying Defendant's prior motion for summary judgment. (ECF No. 31 ("Prior Order") at 1-3.) In his prior summary judgment motion, Defendant argued that Plaintiffs lacked standing to prosecute this case because they had not suffered damages. (*Id.* at 2-3, 4.) That was Defendant's only argument in that motion. (*Id.*) The Court denied Defendant's prior summary judgment motion because it found that one argument unpersuasive and unsupported by applicable law. (*Id.* at 4-6.) The Court also incorporates by reference the summary judgment legal standard it recited in the Prior Order, as that same standard governs its review of Defendant's Motion. (*Id.* at 3-4.)

20

## IV.    DISCUSSION

21
22
23
24

Among other arguments, Defendant argues in his Motion that Plaintiffs lacked standing at the time they filed this case because they did not own the patents-in-suit at that time by pointing out certain issues with the chain of title that purportedly gives Plaintiffs their interests in those patents. (ECF No. 36 at 17-21.) Plaintiffs respond to this

25

———————————————————

26

[3]Defendant filed a response (ECF No. 41), and Plaintiffs filed a reply (ECF No. 45).

27
28

[4]Defendant filed a response (ECF No. 48), and Plaintiffs filed a reply (ECF No. 49).

1  argument in the Motion, "due to a mutual mistake in the Assignment assigning the

2  patents-in-suit to APTH, the chain of title has the appearance of being incomplete." (ECF

3  No. 42 at 7-8.) Plaintiffs continue, "Plaintiffs herewith submit the corrected assignment,

4  that corrects the mutual mistake, and that confirms proper ownership by Plaintiff APTH."

5  (*Id.* at 8; *see also* ECF No. 42-3 (the purported corrected Patent Assignment

6  Agreement).) Plaintiffs further explain that the agreement they 'corrected' in response to

7  Defendant's Motion listed an incorrect though similarly named corporate entity that did

8  not have patent rights to convey. (ECF No. 42 at 8.) Plaintiffs thus concede their chain of

9  title was invalid until they corrected it by preparing a new agreement in response to the

10  Motion, which they attach as an exhibit to their response. (*Id.*) Defendant replies in

11  pertinent part that Plaintiffs lacked standing at the time they filed this case and he is

12  accordingly entitled to summary judgment. (ECF No. 44 at 16-17.) The Court agrees with

13  Defendant.

14  As noted above, this case seeks correction of inventorship under 35 U.S.C. § 256

15  and is not a case involving patent infringement. However, standing requirements still

16  apply to Section 256 cases like this one. *See Larson v. Correct Craft, Inc.*, 569 F.3d

17  1319, 1326 (Fed. Cir. 2009) ("[A] plaintiff seeking correction of inventorship under § 256

18  can pursue that claim in federal court only if the requirements for constitutional

19  standing—namely injury, causation, and redressability—are satisfied."). Indeed,

20  constitutional standing is the threshold question in every case because it determines the

21  Court's power to entertain the case. *See id.* at 1325-26. Parties asserting their rights in

22  issued patents—like Plaintiffs here[5]—must be either the patentee or possess all

24  [5]Many Section 256 cases are filed by people who are not listed as inventors on particular patents seeking to have their names added as inventors to those patents. *See, e.g.*, *Chou v. Univ. of Chicago*, 254 F.3d 1347 (Fed. Cir. 2001). This case is slightly

25  different in that the purported owner and exclusive licensee of the patents-in-suit is seeking to have Defendant's name removed as a co-inventor of the patents-in-suit.

26  Plaintiffs are suing here based on their purported rights to the issued patents. Thus, the standing analysis from *Enzo APA & Son* is more applicable here than the standing

27  analyses in cases like *Chou* and *Larson*, even though *Chou* and *Larson* are Section 256 cases, and *Enzo APA & Son* is an infringement case.

3

1    substantial rights to the patents-in-suit at the time that party files suit. *See, e.g.*, *Enzo*

2    *APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998).

3        The Federal Circuit Court of Appeals has recently backed away from

4    characterizing standing issues stemming from prior assignments or other documents

5    regarding patent rights as jurisdictional. *See Schwendimann v. Arkwright Advanced*

6    *Coating, Inc.*, 959 F.3d 1065, 1071-72 (Fed. Cir. 2020). However, one must still have

7    legal title to a patent or patent application before filing suit. *See id.* at 1072-73. Said

8    otherwise, establishing sufficient ownership via written instruments is a prerequisite to

9    filing suit, though one now best characterized as an issue of statutory standing instead of

10   Article III standing.

11       And unfortunately for Plaintiffs here, *Schwendimann* does not appear to have

12   abrogated the rule that "*nunc pro tunc* assignments are not sufficient to confer

13   retroactive standing[.]"[6] *Enzo APA & Son*, 134 F.3d at 1093. There is sound policy

14   behind this rule, namely the reasonable principle that "a party may not vindicate rights in

15   court before the party actually possesses the rights." *Alps S., LLC v. Ohio Willow Wood*

16   *Co.*, 787 F.3d 1379, 1384 (Fed. Cir. 2015) (citation omitted); *see also Australian*

17   *Therapeutic Supplies Pty. Ltd. v. Naked TM, LLC*, 981 F.3d 1083, 1093-94 (Fed. Cir.

18   2020) (suggesting in the trademark context that *Alps* remains good law even after

19   *Schwendimann*). Plaintiffs have conceded they lacked statutory standing at the time they

20   filed suit because they filed an amended assignment in response to Defendants' Motion

21   that Plaintiffs themselves argue fixes a material error in the chain of title. (ECF Nos. 42

22   _____

23       [6]Indeed, *Schwendimann* cited the same page of *Enzo APA & Son* as still good

24   law. *See* 959 F.3d at 1072 (citing *Enzo APA & Son*, 134 F.3d at 1093). More recently,
     the Federal Circuit wrote, "[i]t is not clear, however, that *Lexmark* and *Lone Star* also

25   require us to alter our precedent holding (as the district court summarized it) that 'the
     touchstone of constitutional standing in a patent infringement case is whether a party

26   can establish that it has an exclusionary right in a patent that, if violated by another, 
     would cause the party holding the exclusionary right to suffer legal injury.'" *In re Cirba*

27   *Inc.*, Case No. 2021-154, 2021 WL 4302979, at *3 (Fed. Cir. Sept. 22, 2021) (also
     discussing *Schwendimann*); *see also generally id.* (denying petition for writ of

28   mandamus) (unreported).

at 7-8, 42-3.) Like the plaintiffs in *Enzo* and *Alps*, Plaintiffs' amended assignment agreement prepared in response to Defendants' Motion is insufficient to give them statutory standing for this case. *See Enzo*, 134 F.3d at 1093-94; *see also Alps*, 787 F.3d at 1384-86.

Indeed, *Alps* suggests that the Court must dismiss this case, in its entirety, without prejudice. *See Alps*, 787 F.3d at 1386 (remanding "with instructions for the district court to dismiss [the plaintiff's] complaint without prejudice"). Plaintiffs must definitively establish they own or possess all substantial rights to the patents they would like to sue on via valid written instruments before they may file suit, not after, as they attempt here. *See Enzo*, 134 F.3d at 1093-94; *see also Alps*, 787 F.3d at 1384-86.

And because the Court will dismiss this case in its entirety, without prejudice, as Plaintiffs lacked statutory standing at the time they filed suit, Defendant's Motion is granted to the extent it makes that argument. It is otherwise denied as moot. The Court denies the other pending motions as moot as well.

## V.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendant's motion for summary judgment (ECF No. 36) is granted in part as specified herein, and otherwise denied as moot.

It is further ordered that Plaintiffs' motion for partial summary judgment as to ownership (ECF No. 37) is denied as moot.

It is further ordered that Plaintiffs' motion for partial summary judgment as to inventorship (ECF No. 38) is denied as moot.

It is further ordered that Plaintiffs' motion to strike (ECF No. 43) is denied as moot.

It is further ordered that this case is dismissed in its entirety, without prejudice and as explained herein.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 25th Day of January 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE